UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kedar Gratton,

                Petitioner,        Case No. 22-10429

v.                                   Judith E. Levy
                                   United States District Judge

United States of America,

                                   Mag. Judge Curtis Ivy, Jr.

                Respondent.

_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITIONER KEDAR GRATTON'S PETITION FOR A WRIT OF HABEAS CORPUS [1] AND THE MOTION FOR RELIEF UNDER 28 U.S.C. § 2241 [3]**

Petitioner Kedar Gratton, who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus and a motion for relief under 28 U.S.C. § 2241. (ECF Nos. 1, 3.)[1] In his habeas petition, Petitioner asserts that he participated and completed in the Federal Bureau of Prison's ("BOP")

---

[1] The Court notes that Petitioner's petition for a writ of habeas corpus and his motion for relief under 28 U.S.C. § 2241 appear to be identical in content but were mailed, and thus filed, separately. (*See* ECF No. 1, PageID.22; ECF No. 3, PageID.46.) For clarity, this opinion will include references to ECF No. 1, only.

Residential Drug Treatment Program ("RDAP") and was awarded a reduction in sentence under 18 U.S.C. § 3621(e). (ECF No. 1, PageID.1.) After his release from the BOP facility, Petitioner was placed under the care of a Transitional Drug Abuse Treatment ("TDAT") specialist at a community corrections facility. (*Id.*) According to Petitioner, after he subsequently received sanctions related to positive tests for substances, he was removed from the facility and is now being improperly held in federal custody. (*Id.* at PageID.1, 12–17.)

Because Petitioner's failure to exhaust is apparent on the face of the petition and motion for § 2241 relief, Petitioner's petition and motion are *sua sponte* dismissed without prejudice so that Petitioner may exhaust his claims before seeking federal habeas relief.

## I. Legal Standard

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears

from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, the Court concludes that Petitioner's habeas petition must be dismissed without prejudice.

**II.  Discussion**

Petitioner seeks habeas relief under 28 U.S.C. § 2241. It is well-settled that federal prisoners must exhaust administrative remedies prior to filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473

F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). "Exhaustion is an affirmative defense, and a district court may not dismiss a § 2241 petition at the screening stage for failure to plead exhaustion or to attach exhibits with proof of exhaustion." *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)).

A district court, however, may *sua sponte* summarily dismiss such a petition on exhaustion grounds where a petitioner's failure to exhaust is apparent on the face of the pleading itself. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, *2 (6th Cir. Dec. 11, 2020) (denying a certificate of appealability where the district court summarily dismissed a § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, *1 (6th Cir. July 17, 2017) (citing *Jones, Corey v. Daniels*, 626 F. App'x 414, 415 (4th Cir. 2015); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), and affirming summary dismissal of § 2241 petition on exhaustion grounds).

Petitioner admits that he has not fully exhausted administrative

4

remedies but asserts that exhaustion should be excused due to delays in the process. (*See* ECF No. 1, PageID.4–6.) A prisoner's failure to exhaust may be excused if administrative remedies are not reasonably available, but the United States Court of Appeals for Sixth Circuit requires a prisoner to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotations and citations omitted) (discussing exhaustion under the PLRA). The Sixth Circuit has "consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case the prisoner did something." *Id.* at 224. A prisoner's subjective belief that a procedure is ineffective or futile is not enough to excuse exhaustion. *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006).

The Bureau of Prisons has a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form ("BP-9 Form") with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner

5

can file a BP-10 Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner may file a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

The record in this case indicates that Petitioner is in the midst of exhausting administrative remedies. A document attached to his petition indicates that his appeal is currently pending at the regional level and that the North Central Regional Office has extended the time for filing a response to his appeal—with the most recent response date being March 8, 2022. (ECF No. 1, PageID.11.) If Petitioner is not granted relief at that step in the proceedings, he must file a national appeal to complete the administrative process. While the several-month delay in the proceedings is noted and not to be encouraged, and the Court acknowledges Petitioner's frustration with the BOP's failure to respond to his requests, such delay is not excessive or unreasonable and does not absolve Petitioner from completing the process. This is particularly true where, as here, the matter is actively before the agency. Because Petitioner has

6

not completed the administrative process, his habeas petition is premature. He must fully exhaust his administrative remedies before seeking habeas relief under 28 U.S.C. § 2241.

## III. Conclusion

For the reasons set forth above, the Court concludes that Petitioner has not yet fully exhausted his administrative remedies and has failed to show that doing so would be futile. His claims are prematurely brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and his motion for relief under 28 U.S.C. § 2241.

A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision. This case is CLOSED.

**IT IS SO ORDERED.**

Dated: August 4, 2022      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2022.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager